UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00512-FDW-SCR

| | |
|---|---|
| DAVID GASPER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EIDP, INC., THE PENSION AND )<br>RETIREMENT PLAN, CORTEVA, INC., and )<br>THE BENEFIT PLANS ADMINISTRATIVE )<br>COMMITTEE, )<br>)<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion for Judgment on the Pleadings, (Doc. No. 7). This matter has been fully briefed, (Doc. Nos. 8, 11, 12), and is ripe for ruling. For the reasons set forth below, Defendants' Motion is **GRANTED**.

I. BACKGROUND

Plaintiff filed his Complaint with this Court on August 14, 2023, asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendants EIDP, Inc., formerly known as E.I. DuPont de Nemours and Company; Corteva, Inc.; the Pension and Retirement Plan; and the Benefit Plans Administrative Committee. (Doc. No. 1.)

A summary of the facts alleged in the Complaint is as follows: Plaintiff began his employment with EIDP on February 1, 1984, and began participating and accruing a vested interest in the Pension and Retirement Plain ("Plan") shortly after that time. (Doc. No. 1, p. 3.) Plaintiff and his wife were married in 1985 and they divorced in 2010. (Id.) ERISA allows a participant's benefit under a pension plan to be assigned pursuant to a "domestic relations order" issued and

1

approved by the family law court once the domestic relations order is determined, by the plan administrator, to be a qualified domestic relations order. Plaintiff's interest in the Plan was included in the equitable distribution of marital assets. (Id.)

On February 26, 2013, the family court issued a domestic relations order dividing Plaintiff's pension benefit under the Plan between him and his then-wife, "the alternate payee". (Doc. No. 1, p. 5.) The domestic relations order indicated "[t]he Alternate Payee's benefit may be reduced as necessary to cover the cost of the Qualified Joint and Survivor Annuity (QJSA) awarded to the Alternate Payee." (Id.) On May 1, 2013, the Plan Administrator issued a letter and a Qualified Domestic Relations Order Report stating the benefits would be distributed in accordance with the Qualified Domestic Relations Order. (Id.) Prior to becoming eligible to receive benefits on June 1, 2019, Plaintiff received a package describing his benefits and how to elect commencement of the benefits. (Id.) Upon receipt, Plaintiff recognized his benefits had been decreased to cover the cost of the QJSA benefit for his former spouse.

Plaintiff filed a claim via telephone and communicated the specific terms of the Qualified Domestic Relations Order. (Id.) Plaintiff alleges he should have received notice, or an explanation for the delay within 90 days from that phone call. On October 24, 2019, he received an "Information Notice Pension and Retirement Plan" document from Defendants stating "the court order was qualified disregarding the [QJSA] cost language." (Doc. No. 1, p. 6–7.) Because Plaintiff did not find this information in the 2013 Qualified Domestic Relations Order Report, he filed an appeal on January 15, 2020. (Doc. No. 1, p. 7.) The Plan Administrator denied Plaintiff's claim on June 12, 2020, and denied his July 2020 final appeal on September 29, 2020.

Plaintiff alleges a claim for wrongful denial of benefits under ERISA § 502(a)(1)(B); a claim for other appropriate equitable relief under ERISA § 502(a)(3); a claim for statutory damages

for failure to produce required documents under ERISA §§ 104(b)(4) and 502(g); and a claim for attorney's fees under ERISA § 502(g). (Doc. No. 1, p. 9–12.)

Defendants filed this Motion for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure Rule 12(c) on October 6, 2023. Defendants contend, because Plaintiff has an adequate remedy available under ERISA § 502 (a)(1)(B), a claim for equitable relief under § 502 (a)(3) is improper.[1]

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings is allowed "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings "requires a court to accept 'all well-pleaded allegations . . . as true and draw [] all reasonable factual inferences from those facts in the [non-moving party]'s favor.'" United States v. Cox, 743 F. App'x 509, 511 (4th Cir. 2018) (quoting Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014)). The 12(c) motion "tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." Drager, 741 F.3d at 474.

Rule 12(c) motions are reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Conner v. Cleveland Cnty., N.C., 22 F.4th 412, 416 (4th Cir.), cert. denied sub nom. Cleveland Cnty. v. Conner, 143 S. Ct. 523 (2022). For Rule 12(c) motions, "courts may [also] consider the complaint, answer, and any materials attached to those pleadings" if they are authentic and essential to the complaint. Chapman v. City of Newton, No. 523CV00040KDBSCR, 2023 WL 9103617, at *4 (W.D.N.C. Nov. 22, 2023)

---

[1] ERISA §§ 502 (a)(1)(B) and 502 (a)(3) are codified at 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3), but "in keeping with the trend in this practice area", the Court refers to them by the ERISA designation not by their place in the U.S. Code. See Rose v. PSA Airlines, Inc., 80 F.4th 488, 494 n.2 (4th Cir. 2023).

(citing Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)); see also Fed. R. Civ. P. 10(c) (stating "an exhibit to a pleading is part of the pleading for all purposes"). Thus, in resolving a motion for judgment on the pleadings, courts "are required to accept all well-pleaded allegations of [the] complaint as true and draw all reasonable factual inferences in [the plaintiff's] favor." Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014). However, the Court is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

### III. ANALYSIS

Defendants move this Court for judgment on the pleadings on Plaintiff's Second Claim for Relief under ERISA § 502(a)(3) for "appropriate equitable relief." (Doc. No. 7, p. 1.) Defendants contend because Plaintiff has an adequate remedy available under ERISA § 502(a)(1)(B), a claim for equitable relief under ERISA § 502(a)(3) is improper. Plaintiff argues pleading claims under ERISA § 502(a)(1)(B) and pleading in the alternative a claim for equitable relief under ERISA § 502(a)(3), is permitted by Fourth Circuit precedent in Hayes v. Prudential Ins. Co. of Am., 60 F.4th 848, 855 (4th Cir. 2023) and Rose v. PSA Airlines, Inc., 80 F.4th 488, 495 n.4 (4th Cir. 2023).

In Varity Corp. v. Howe, the Supreme Court stated "where Congress elsewhere provide[s] adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" 516 U.S. 489, 515 (1996). The Fourth Circuit reiterated this in Korotynska v. Metro. Life Ins. Co., 474 F.3d 101 (4th Cir. 2006), explaining when "adequate relief is available for the plaintiff's injury through review of [his] individual benefits claim under §[502](a)(1)(B), relief under §[502](a)(3) will not lie." Id. at 102.

4

Plaintiff argues the Supreme Court clarified this principle in CIGNA Corp. v. Amara, 563 U.S. 421 (2011). In Amara, the district court ordered the terms of the plan reformed and ordered enforcement of the new plan. Id. at 435. The Court found provision § 502(a)(1)(B) provides authority for "'*enforcing[ing]*' the 'terms of the plan,' not . . . *changing* them." Id. at 436. Because the Court found the district court lacked authority under this provision to reform the plan, it remanded the case to determine whether an appropriate remedy could be imposed under §502 (a)(3). Id. at 445. Plaintiff also cites non-binding authority from other circuits stating Amara allows seeking relief simultaneously under both provisions. (Doc. No. 11, p. 6.)

Plaintiff further contends the Fourth Circuit "Court of Appeals could not have been more clear[,]" (Doc. No. 11, p. 1), when it stated "a plaintiff who prevails in a claim for benefits under Subsection (a)(1)(B) may not *also* obtain other relief under Subsection (a)(3). But Federal Rule of Civil Procedure 8(a)(3) specifically permits pleading 'in the alternative,' so nothing would have prevented plaintiff from suing under both provisions." Hayes, 60 F.4th at 855 (citations omitted). However, the Court did not address whether "had the plaintiff [pleaded in the alternative], either cause of action would be susceptible to dismissal." T.S. v. Anthem Blue Cross Blue, Shield, No. 1:23-CV-60-MOC, 2023 WL 5004499, at *3 (W.D.N.C. Aug. 4, 2023). The Court made this observation arguably, in dicta. Id. While this Court acknowledges, as other courts in this district have, that a panel opinion like Hayes cannot overrule a decision of a prior panel,[2] there is still some support the Fourth Circuit would permit a plaintiff to plead claims under ERISA § 502(a)(1)(B) and ERISA § 502(a)(3) in the alternative. See Rose v. PSA Airlines, Inc., 80 F.4th 488, 495 n.4 (4th Cir. 2023) (stating in a footnote "[p]laintiffs are allowed to plead in the alternative, 'so nothing

---

[2] L.L. v. Medcost Benefit Servs., No. 1:21-CV-00265-MR, 2023 WL 4375663, at *3 n.3 (W.D.N.C. July 5, 2023).

would have prevented [plaintiff] from suing under both provisions.'" (quoting Hayes, 60 F.4th at 855)).

However, even if this precedent allows pleading in the alternative, the key question here—as it was in Rose—is whether the relief Plaintiff seeks qualifies as equitable relief. As the Court stated in Rose, "compensatory damages intended to provide 'monetary relief for all losses . . . sustained as a result of the alleged breach of fiduciary duties' are legal, not equitable, relief." Rose, 80 F. 4th at 496 (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 255 (1993)).

Recent decisions in this district, as well as other districts in the Fourth Circuit, have held claims are duplicative if they "seek the same relief" and the analysis does not turn on "whether they assert different concepts or theories." L.L. v. Medcost Benefit Servs., No. 1:21-CV-00265-MR, 2023 WL 4375663, at *4 (W.D.N.C. July 5, 2023); see also T.S. v. Anthem Blue Cross Blue, Shield, 2023 WL 5004499, at *3 (dismissing a plaintiff's § 502(a)(3) claim when the underlying injury is the same); Greenwell v. Grp. Health Plan for Emps. of Sensus USA, Inc., 505 F. Supp. 3d 594, 607 (E.D.N.C. 2020)(explaining "'the Supreme Court has never stated that recovery under both §502(a)(3) and § 502(a)(1)(B) may be warranted for a single injury' and that '[d]espite [plaintiff's] attempts to obtain equitable relief by repackaging the wrongful denial of benefits claim as a breach-of-fiduciary-duty claim, there is but one remediable injury and it is properly and adequately remedied under § 502(a)(1)(B)" (quoting Rochow v. Life Ins. Co. of N. Am., 780 F.3d 364, 375 (6th Cir. 2015))).

Here, as in Greenwell, Plaintiff's second claim for relief simply repackages the same argument for a single injury. Plaintiff alleges no additional facts or injury other than the wrongful denial of benefits, and Plaintiff's requested relief under ERISA § 502(a)(3) "would all serve the ultimate purpose of allowing [P]laintiff . . . to recover wrongfully denied benefits." Greenwell,

505 F. Supp. 3d at 609. Plaintiff's claims are impermissibly duplicative because "no relief sought by the Plaintiff[] is unavailable under §[502](a)(1)(B)." L.L. v. Medcost Benefit Servs., No. 1:21-CV-00265-MR, 2023 WL 4375663, at *4 (W.D.N.C. July 5, 2023).[3]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings, (Doc. No.7), is **GRANTED**. Plaintiff's Second Claim for Relief under ERISA § 502(a)(3) is **DISMISSED**.

**IT IS SO ORDERED.**

Signed: April 3, 2024

Frank D. Whitney
United States District Judge

---

[3] In Plaintiff's Second Claim for Relief, Plaintiff also requested relief in the form of a surcharge. The Court notes this remedy is foreclosed by the Fourth Circuit's decision in Rose v. PSA Airlines, Inc., 80 F.4th 488, 504–05 (4th Cir. 2023).